ST. JOHN LEVEE AND DRAINAGE DISTRICT OF MISSOURI, a Corporation, Appellant, v. STANLEY M. PILLMAN and MRS. STANLEY M. PILLMAN, his Wife; W. S. EDWARDS, Trustees; DRAINAGE DISTRICT No. 31 OF NEW MADRID COUNTY, a Corporation.—76 S. W. (2d) 1095.

Division Two, December 1, 1934.

*Sharp & Baynes* for appellant.

94

*Frank K. Ashby* and *W. Clifton Banta* for respondents.

*B. H. Charles, amicus curiae.*

WESTHUES, C.—This is an appeal from a judgment of the Circuit Court of New Madrid County quashing an execution based upon a judgment for unpaid levee and drainage taxes assessed against the land of respondent, Stanley M. Pillman, and in favor of appellant.

Appellant filed suit against Pillman in the circuit court and obtained a judgment for unpaid taxes. The judgment was entered October 7, 1933. On December 1, of the same year, a special *fieri*

*facias* was issued under which a levy was made and the land, subject to the tax judgment, was advertised for sale at the January, 1934, term of court.

No question was raised, by respondents, as to the legality of the proceedings in obtaining the judgment, or in the levy and advertisement of sale. However, in the motion to quash, it was alleged that the execution was void because the Legislature of 1933, had repealed the law authorizing the sale of lands by execution as attempted to be done in this case. The position of respondents is that by the enactment of Senate Bill No. 94, found at pages 425 to 449, inclusive, Laws of 1933, referred to in the briefs as the Jones Act, the Legislature repealed Section 9952, Revised Statutes 1929, and the procedure prescribed in the new act, which does not authorize a sale under execution, applies to the enforcement of drainage and levee district taxes.

Appellant corporation was incorporated under Article VI, Chapter 64, Revised Statutes 1929. Section 10927 of that article prescribes in what manner and mode delinquent levee taxes are to be enforced. The section contains the following clause:

"The pleadings, process, proceedings, practice and sales, in cases arising under this article shall, *except as herein provided*, be the same and have the same effect as in an action for the enforcement of the State's lien for the delinquent general taxes upon real estate." (Italics ours.)

It was conceded that by this reference the procedure prescribed in Section 9952 of the general revenue act controlled the procedure in the enforcement of levee and drainage taxes in such matters wherein the levee and drainage district laws were silent. We will make a number of references to Section 10927 and, therefore, we think it best to embody a part of it in this opinion. It reads:

"The 'levee tax book' of the district, as returned by the collector of the revenue to the secretary of the board of supervisors of the levee district shall be prima facie evidence in all courts of all matters therein contained. The liens established and declared in the preceding sections may and shall be enforced by an action on delinquent tax bills, made and certified by the county collector, which action shall be instituted in the circuit court without regard to the amount of the claim within six months after December 31st of the year for which said taxes were levied. The suits shall be brought in the corporate name of the district by its attorney against the land or lands, property or properties, on which such levee tax has not been paid. The suit shall be brought in the county in which the property is situate, except when the tract or property sued upon be in more than one county, in which event the suit may be brought on the whole tract, parcel or property in any county in which any portion thereof may be situate."

It will be noted that the above section contains certain specific directions as to how suits for the enforcement of levee taxes shall be brought, which provisions are at variance with the law pertaining to suits for state taxes. For example, the section requires that suit be brought within six months after the taxes become delinquent. Suits are to be brought in the name of the district and not in the name of the county collector. The attorney for the district is required to file these suits and not the tax attorney of the county. When a tract of land assessed lies in two counties suit may be brought in either.

In the Act of 1933, no reference whatever was made to Section 10927 or its various provisions. It will, therefore, be presumed that Section 10927 was not repealed, unless we are authorized to say that the Legislature meant to repeal the provisions of this section by implication. We find nothing in the act which indicates that the Legislature intended to change the procedure for the enforcement of levee and drainage taxes. On the contrary, the act itself in specific terms specifies that the provisions thereof shall not apply to the enforcement of such taxes. Note the reading of the latter part of the Section 9963d, page 448, Laws 1933:

". . . nor shall this act be so construed as to change in any manner whatsoever the method or mode now or that may hereafter be provided by law for the collection of drainage and/or levee assessments, or other special assessments."

So we have here a specific direction, by the law making body, that the act changing the procedure with reference to the enforcement of state taxes shall not be so construed as to apply to the enforcement of drainage and levee taxes. The Legislature evidently had in mind that Section 10927 and other sections prescribed certain procedure for the enforcement of these taxes and that by reference a part only of the provisions of the general revenue act had been made a part of the levee district and other acts. So in order to avoid confusion on the subject the Legislature left the procedure of the enforcement of levee taxes the same as before and a reading of the new law clearly indicates that the Legislature intended its provisions to apply only to the State and county revenue.

Respondents, however, point out that the Legislature of 1933, not only repealed Section 9952, by the act above referred to, but also repealed and reenacted Section 9952 with an emergency clause. This law is to be found at page 465, Laws of 1933. It is contended that this new section became and was the law only from the date of its approval, April 28, 1933, to July 24, 1933, the date when Section 9952 of what is called the Jones Act, found on page 425, took effect. The suit in this case, it was pointed out, was not filed until August, 1933, after the date when the Jones Law was in force. It will be noted that the Jones Act, which repealed Section 9952, commencing

on page 425 of 1933 Laws, was approved April 7, 1933. This act does not contain an emergency clause. The act repealing and reenacting with minor changes Section 9952, found at page 465, was approved April 28, 1933, and this act contains an emergency clause.

Respondents contend that since the Jones Act contains fifty-seven sections, among which is Section 9952, and prescribes a complete and comprehensive method for collecting taxes, its provisions should control over the new Section 9952 found at page 465, otherwise we would disrupt the entire scheme of the Jones Act. We may well leave that to be decided in a case wherein such a question becomes material to the issue. If respondents be correct in their contention that the Jones Act controls and that Section 9952, found at page 465, should now be disregarded we are again confronted with the provision of the Jones Act above referred to which specifically directs that the Jones Act shall not be so construed as to change, in any manner whatsoever, the method and mode provided for the collection of drainage and levee assessments. So, even if we adopt respondents' theory, then by the process of construing statutes so as to ascertain the intent of the Legislature, we are back to the point where we began, that is, that the Legislature did not change the procedure governing the collection of drainage and levee assessments.

The judgment of the circuit court must, therefore, be reversed with directions to set aside its order quashing appellant's execution. It is so ordered. *Cooley, C.,* concurs.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.